IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　PLAINTIFF　　　　　　　　　) <br> v.　　　　　　　　　　　　　　　)　　Case Number: 8:21-cr-00028-GJH-1<br>　　　　　　　　　　　　　　　　　)<br> ADEBOWALE OJO　　　　　　　)<br>　　DEFENDANT　　　　　　　　)<br>　　　　　　　　　　　　　　　　　) | |

**MOTION FOR REVIEW OF DETENTION ORDER, REQUEST FOR HEARING, AND BRIEF IN SUPPORT**

Adebowale Ojo, by and through counsel, Justin Eisele, and for his motion states the following:

## I.　Motion

1. On February 24, 2021, Mr. Ojo appeared in court and a detention hearing was held in front of the Honorable Judge Day.  Judge Day ordered Mr. Day detained. He found that he was not a risk of flight, but that he was, by clear and convincing, a danger to the community.

2. A detention order may be reviewed by the court of original jurisdiction upon a motion for revocation or amendment of the order. 18 U.S.C. § 3145 (b). When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must determine on its own whether detention is proper.

3. Mr. Ojo is not a violent man and has no convictions for violence.

4. Mr. Ojo has a third-party custodian that has been screened by pretrial services.

1

5. Mr. Ojo came to the US as a young child. He was adopted by his uncle and the proposed third-party custodian, Dele, grew up with him.

6. In addition to regular release, Mr. Ojo is requesting temporary release under 18 U.S.C. § 3142(i). The current and uncontrollable outbreaks of COVID-19 at CDF, and at other jails and prisons, is an extraordinary and compelling reason to release Mr. Ojo at least temporarily.

7. Mr. Ojo has had breathing issues in the past. However, because Mr. Ojo is largely unavailable to client, counsel is filing a concurrent motion for medical records from the USMS. The records are critical to support any argument based on Mr. Ojo's health conditions.

8. Mr. Ojo, pursuant to the above stated statutory authority, requests a prompt hearing in this matter and a review by the District Court.

## II.   Brief

### a. Bail Reform Act of 1984

The Bail Reform Act empowers this Court to use its broad authority and judicial powers to fashion terms and conditions of release in cases such as this from a wide array of options. *See* 18 U.S.C. §3142. The Act contemplates release in every case where the Court can "reasonably assure" that the defendant will appear at subsequent hearings and will not pose a danger to the community. *See* 18 U.S.C. §3142(b). There are terms and conditions of release that can be fashioned to reasonably assure attendance at court proceedings and the safety of the community that apply to this case and support the request that reasonable conditions of release be set by this Court. The minimal criminal history, his community ties, and his years long ties to the area all weigh heavily in favor of release.

The road map to be followed for the Bail Reform Act is straight and clear. Persons charged with federal criminal laws *shall* be released pending trial on personal recognizance, execution of an unsecured appearance bond, or a condition or combination of conditions. 18 U.S.C. § 31 42(e)(1)(*emphasis added*). The default answer to the question of bail is release. The court is only to consider detention in one of two scenarios: when the safety a person or the community is in danger if the person is released or release will not reasonably assure the appearance of the person. 18 U.S.C. § 3142 (b)

The most fundamental guarantee in this case is that Mr. Ojo is presumed innocent. That presumption cannot be ignored or glossed over. This Court must conduct a *de novo* review and determination.

WHEREFORE, Mr. Ojo requests that his motion be granted, he be allowed to supplement his motion after receiving medical records from the USMS, that a hearing be held, and for all other just and appropriate relief.

Respectfully submitted,

/s/ Justin Eisele
Justin Eisele
PO BOX 1127
Rockville, MD 20850
PH: 301.513.7832 FX: 443.588.0400
justin.eisele@seddiqlaw.com