IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**        \*

v.                                                       \* **Criminal Case No. GJH21-28**

**ADEBOWALE OJO**                        \*

                                                            \*

## MOTION TO WITHDRAW GUILTY PLEA

COMES NOW, the Defendant, ADEBOWALE OJO, through his attorney Marc G. Hall, Esq., respectfully requests this Honorable Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure, to Withdraw his Guilty Plea.

### PROCEDURAL HISTORY

On February 15, 2022 a *Feretta* Hearing was held and the defendant chose to waive his right to counsel and to represent himself. On March 7, 2022 a jury trial was begun with the defendant acting as his own attorney. The jury trial ended on March 17, 2022 when the defendant chose to enter a plea of guilt pursuant to a written plea agreement. The defendant now requests to withdraw the guilty plea.

### THE LEGAL STANDARD UNDER RULE 11(d)(2)(B)

A defendant may withdraw a guilty plea after it has been accepted by the Court if the defendant "can show a fair and just reason for requesting the withdrawal." Fed. Rule Crim.P. 11(d)(2)(B). And while "there is no absolute right to withdraw a guilty plea, . . . the defendant has the burden of showing a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A "fair and just" reason is one that "essentially challenges" the fairness of the guilty plea proceeding. *United States v. Puckett,* 61 F.3d 1092, 1099 (4th Cir.1995).

Specifically Federal Rule of Criminal Procedure 11(d)(2)(b) and subsequent case law establishes that while a defendant does not have an absolute right to withdraw his or her guilty plea prior to sentencing but it may be done under certain circumstances.  The court can permit a defendant to withdraw a guilty plea prior to sentencing only "if the defendant shows any fair and just reason."  To determine whether a defendant has met this standard, courts have developed a four-part balancing test: "(l) whether defendant established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of the charge; (3) the length of time between the guilty plea and the motion to with- draw; and (4) if the defendant established a fair and just reason for withdrawal, whether the government would be prejudiced.". *United States v. Fitzhugh*, 78 F.3d 1326, 1328 (8th Cir. 1996); *see also United States v. Gonzalez*, 202 F.3d 20, 24 (1st Cir. 2000) (same); *United States v. Sanchez- Barreto*, 93 F.3d 17, 23 (1st Cir. 1996).

## **A FAIR AND JUST REASON**

There are a number of fair and just reasons why Mr. Ojo should be allowed to withdraw his plea at this time. First, having chose to proceed to trial without the benefit of counsel Mr. Ojo encountered a great deal of difficulty navigating the trial process. Believing as the trial was coming to an end that he had no chance to prevail Mr. Ojo desperately sought an escape route by pleading guilty to a plea agreement that was far in excess of what he would have faced had he plead guilty prior to trial. This decision was ill advised in so far as that he was now bound to this disadvantageous plea agreement and the rights he gave up.

Mr. Ojo also was prejudiced insofar as the difficulty he had in reviewing the discovery and viewing the exhibits. As a pro se defendant he did not have the advantage of having the discovery in his own possession as he prepared for trial. As any experienced would tell the Court the ability to familiarize oneself with the discovery and exhibits is essential to effective trial preparation. And while undersigned counsel in a standby role attempted to review everything Mr. Ojo would need to see each trial day, there is no question that a large amount of material was

contained in the "Jenks" material that was provided a week before trial. This was overwhelming to the defendant. Without substantially more time than was available when he mase his plea decision it was impossible for the defendant to be prepared and to make a knowing and intelligent decision about pleading guilty.

Mr. Ojo was also prejudiced because he learned at trial that some areas of evidence such as GPS tracker information and drug analysis were impossible for him to navigate on his own. This further compelled him to seek an alternative route by pleading guilty to an agreement that exposed him to a great deal of jail time and a limited ability to seek redress on appeal.

## DEFENDANT ASSERTS HIS INNOCENCE

As the defendant initially went to trial, he has asserted his innocence and does so again at this time. At the time of his Pre-sentence report interview he has refused to accept responsibility for these allegations.

## LENGTH OF TIME

The pivotal issue here is whether so much time has elapsed that to allow the withdrawal of the plea would provide the defendant an unfair advantage at a subsequent trial. Here there would be no advantage to be gained by the defendant by allowing a withdrawal of the plea at this time. Having sat through the evidentiary portion of the trial he has already seen and heard the evidence.

## PREJUDICE TO THE GOVERNMENT

Since a relatively short time has passed since the plea the government is not prejudiced and can resurrect its trial witnesses without suffering prejudice.

## CONCLUSION

Case law instructs that requests to withdraw a guilty plea should be granted liberally. *Government of the Virgin Islands v. Berry*, 631 F.2d 214 (3d Cir. 1980) ("[M]otions to

withdraw guilty pleas made before sentencing should be liberally construed in favor of the accused and should be granted freely."), *United States v. Loughery*, 908 F.2d 1014 (D.C. Cir. 1990) (same), United States v. Hickok, 907 F.2d 983 (10th Cir. 1990) (same), *United States v. Schubert*, 728 F.2d 1364, 1365 (11th Cir. 1984) ("[S]uch motions before sentence is imposed should be allowed with great liberality."), *United States v. Presley*, 478 F.2d 163, 167 (5th Cir. 1973) (same), *Bergen v. United States*, 145 F.2d 181, 187 (8th Cir. 1944) ("[T]he court's discretion should be exercised liberally, so as to promote the ends of justice and to safeguard the life and liberty of the accused . . . ."), and *United States v. Artabane*, 868 F. Supp. 76, 77 (M.D. Pa. 1994) (holding that courts should grant such motions "liberally in favor of the accused."), *with United States v. Barker*, 514 F.2d 208, 219 (D.C. Cir. 1975).

The defendant made an ill-advised decision in the heat of the moment to plead guilty. He did so after spending two weeks in trial and believing he had no other choice at the time. However, the ends of justice are not served in the case because the defendant could hardly be said to have made a "knowing and intelligent" decision under the circumstances he faced. He should be allowed to withdraw his plea at this time.

Respectfully submitted,

Law Offices of Marc G. Hall, P.C.

_____/s/_____
Marc G. Hall
Fed Bar No. 01386
7474 Greenway Center Drive
Suite 150
Greenbelt, MD 20770
240 205-3041

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Document was electronically delivered, this 1st day of September 2022 to: The United States Attorney's Office, Greenbelt, MD.

/s/
Marc G. Hall