IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. GJH-21-28 |
| | * | |
| ADEBOWALE OJO, | * | |
| | * | |
| Defendant | * | |
| | ****** | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEAS

The United States of America, by and through Erek L. Barron United States Attorney for the District of Maryland, and Kelly O. Hayes, Assistant United States Attorney, submits this Response in Opposition to the defendant's motion to withdraw guilty plea. ECF 112. For the reasons stated below, the Court should deny the defendant's Motion to Withdraw Guilty Plea without a hearing.

## BACKGROUND

On December 14, 2020, the defendant was charged by criminal complaint and had an initial appearance on January 29, 2021. The defendant was appointed counsel and ordered detained. The defendant was thereafter indicted on February 19, 2021.

On March 5, 2021, the defendant filed a *pro se* motion to waive counsel, among other motions. ECF 16.

On June 8, 2021, the defendant's then-counsel, Justin Eisele, filed a motion to withdraw as counsel, indicating that the defendant intended to represent himself. ECF 35.

On August 3, 2021, this Court held a *Faretta* hearing, after which the Court found that the defendant understood his rights and nevertheless was permitted to represent himself. The Court also appointed Anthony Martin as standby counsel. ECF 37, 38, 39.

1

On November 4, 2021, the Defendant was charged in a second superseding indictment with conspiracy to distribute controlled substances, specifically (i) 28 grams or more of cocaine base, (ii) cocaine, and (iii) heroin; four counts of distribution of and possession with intent to distribute controlled substances, based on the four controlled purchases conducted in Maryland; and possession with intent to distribute a controlled substance, based on the MDMA recovered from the Defendant in November 2018. ECF No. 54.

A motions hearing was held on December 7, 2021, during which the defendant elected to have Mr. Martin represent him. ECF 59.

On February 15, 2021, the Court held an attorney inquiry hearing and another *Faretta* hearing, where again the defendant elected to represent himself. ECF 69, 70. A third attorney, Mr. Marc Hall, was appointed as standby counsel. ECF 71.

On March 7, 2022, trial on the second superseding indictment began. On March 17, 2022, after eight trial days and following the close of evidence, the defendant entered a guilty plea, pursuant to a plea agreement, to Count One (conspiracy to distribute controlled substances) and Count Four (distribution of and possession with intent to distribute controlled substances). Under the terms of the plea agreement, which was submitted pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant stipulated, among other things, to the quantity of Converted Drug Weight involved in the offenses and that the Defendant qualified as a career offender under the Sentencing Guidelines. ECF No. 101. The parties further agreed that a term of imprisonment of not less than 132 months (11 years) and not more than 240 months (20 years) was the appropriate disposition of the case. *Id.* ¶ 6(d).

The defendant's sentencing hearing was originally scheduled for August 4, 2022. ECF 103. It was thereafter continued twice and is currently scheduled for September 8, 2022.

On September 1, 2022, the defendant, through counsel, filed a motion to withdraw his plea of guilty. ECF 112. This motion should be denied.

## ARGUMENT

The record shows that the defendant's guilty pleas were made knowingly and voluntarily, after a waiver of rights were scrupulously honored and explained to him.

A defendant may not withdraw a guilty plea after it has been accepted by the Court unless the defendant "can show a fair and just reason for requesting the withdrawal." Fed. Rule Crim. P. 11(d)(2)(B). "There is no absolute right to withdraw a guilty plea, . . . thus the defendant has the burden of showing a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (citation omitted). A "fair and just" reason is one that "essentially challenges" the fairness of the guilty plea proceeding. *United States v. Puckett,* 61 F.3d 1092, 1099 (4th Cir.1995).

Here, the defendant has not even begun to satisfy what the courts have cited as "fair and just" reasons. "The factors include (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

First, the defendant has not offered any credible evidence that his plea was not knowing and voluntary. Indeed, the record directly contradicts such a showing. The guilty plea procedure is governed by Fed. Rule Crim. P. 11(b). A trial court must advise the defendant of various

rights and factors, must ensure that the guilty plea is voluntary, and must make sure there is a factual basis for the guilty plea.  This Court scrupulously adhered to all the requirements of the rule and fiercely protected the defendant's rights.  The defendant repeatedly and unambiguously told the Court he wanted to enter the guilty plea.  The Court gave the defendant numerous opportunities to change his mind, and the defendant declined each time.  No one coerced the defendant to enter the guilty pleas; in fact, the Court repeatedly stressed that the defendant could maintain his "not guilty" pleas and continue with the trial—which had essentially concluded with the exception of closing arguments and jury deliberation.

Yet, the defendant now claims that he, after electing to proceed *pro se*, felt he had no choice but to enter a guilty plea because "he had no chance to prevail" at trial.  He also suggests that he was disadvantaged by not having access to discovery while incarcerated.  Neither of these reasons amount to the defendant's plea not being knowing and voluntary—it simply amounts to him now regretting his decision.

Moreover, during multiple *Faretta* hearings, the Court emphasized to the defendant that such self-representation is a poor decision.  The Court also addressed with the defendant that he would not have access to the discovery while incarcerated, which made self-representation even more difficult.  Yet, despite these repeated warnings, the defendant continued through eight days of trial *pro se* and then made the decision to plead guilty.  Then, only on the eve of sentencing, the defendant sought to withdraw his guilty plea.  "The Court took pains to stress what a troubling proposition self-representation can be, and it urged Defendant to reconsider. Only after this thorough exchange did the Court accede to Defendant's request. Defendant's disingenuous effort now to plead ignorance and thereby secure yet *another* do-over is entirely unavailing." *United States v. Braxton*, 141 F. Supp. 3d 418, 428 (D. Md. 2015) (emphasis in original).

4

Second, the defendant has not credibly asserted any legal innocence. This Court heard eight days of evidence put before the jury, including a robust defense case. The evidence of the defendant's drug conspiracy, participation in the four controlled buys, and his possession with intent to distribute MDMA that the defendat was found in possession of (in his underwear) during a traffic stop (the details of which are further outlined in the PSR and the government's sentencing memo and incorporated here), was overwhelming. Refusing to accept responsibility for his actions following a plea of guilty does not amount to legal innocence.

Third, the delay between the defendant's guilty plea and his motion to withdraw further advises against granting the defendant's motion. The defendant entered his guilty plea on March 17, 2022. ECF 97. Sentencing was thereafter scheduled for August 4, 2022, and rescheduled twice thereafter. It was not until September 1, 2022—nearly 5.5 months after he entered his plea—that the defendant sought to withdraw his plea.

Fourth, the defendant cannot credibly attempt to argue that he did not have close assistance of competent counsel, as the defendant repeatedly and emphatically rejected such close assistance of counsel. First, he discharged two qualified attorneys who were appointed to represent him in favor of proceeding *pro se*. The defendant also had at least two *Faretta* hearings in which he was advised of the difficulties of self-representation. Nevertheless, this Court continued to appoint standby counsel to assist the defendant in any way, including by reviewing discovery, filing motions, representing the defendant at the motions hearing, and providing guidance throughout trial. The defendant's right to the "close assistance of counsel" was not violated in any way.

Fifth, if the defendant were allowed to withdraw his guilty pleas, the government would be prejudiced to the extreme. The government spent considerable time preparing for trial, lining

up and interviewing its witnesses, marshaling its evidence, getting ready for trial, and then proceeding to *eight days of trial* before the defendant elected to plead guilty. The jury had been instructed and the only part of the trial left was closing arguments and jury deliberation. Once the defendant pled guilty, the jury was discharged. As such, the government would be extremely prejudiced by re-trying the entire case, including calling numerous lay witnesses, after the jury was discharged solely due to the defendant's guilty plea.

Sixth, and finally, withdrawal would inconvenience the Court and make a mockery of its attempts to ensure that a defendant's rights are protected. "Do-overs" for every defendant who changes his or her mind could bring the federal criminal justice system to a halt—especially for those pleas entered after the trial was essentially complete. *See e.g. United States v. Goodall*, 21 F.4th 555, 562 (9th Cir. 2021) ("There is no do-over just because a defendant later regrets agreeing to a plea.").

As the Fourth Circuit said in *United States v. Moore,* 931 F.2d at 249, when it denied a hearing on the defendant's motion to withdraw his guilty plea, "[f]inally, a reopening of the plea would have been futile. There was no substance to Moore's claims. It would be pointless, perhaps even unjust, to allow him to relitigate. Despite the policy in favor of liberally granting evidentiary hearings prior to sentencing, Moore has not presented a "fair and just reason" for the withdrawal of his plea. It was, thus, no abuse of discretion for the district court, in the circumstances, to deny him the hearing."

\

## **CONCLUSION**

For the reasons stated above, the government prays this Honorable Court to deny the defendant's Motion to Withdraw Guilty Plea and proceed to sentencing as scheduled.

Respectfully submitted,

Erek L. Barron
United States Attorney


_____/s/_____

Kelly O. Hayes
Assistant United States Attorney